NO. 07-03-0254-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 11, 2003
_____

EDWARD SANCHEZ HINAJAS AKA EDWARD SANCHEZ
HINOJOSA AKA EDWARD SANCHEZ HINOJOS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,044-D; HON. DON EMERSON, PRESIDING
_____

DISMISSAL

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant, Edward Sanchez Hinajas, appeals his conviction for Aggravated Sexual

Assault of a Child.  We dismiss the proceeding for lack of jurisdiction.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

The judgment indicates that sentence was imposed on March 13, 2003. Appellant then filed a document purporting to be a notice of appeal on May 22, 2003. No motion for new trial was filed. To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). Thus, appellant's notice of appeal was due to be filed on or about April 14, 2003, but was not filed until May 22, 2003. Furthermore, he did not move for an extension of the deadline.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If the notice is not timely, then the court of appeals can take no action other than to dismiss the proceeding. *Id*. at 523. Because appellant's notice of appeal was untimely filed, we have no jurisdiction to consider the appeal.

Accordingly, the appeal is dismissed.

Per Curiam

Do not publish.